UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DIAN LACHMANAYA and HARESH          :
RAMEJEAWON,                         :
                                    :
                Plaintiffs,         :
                                    :
        -against-                   :        **MEMORANDUM & ORDER**
                                    :           **OF REMAND**
ROCKY TOWING, LLC, NASEEN AMIN      :        **23-cv-133(DLI)(PK)**
DAVIDSON, and TRANSPORT ENTERPRISE  :
LEASING, LLC,                       :
                                    :
                Defendants.         :
------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On October 11, 2022, Dian Lachmanaya and Haresh Ramjeawon ("Plaintiffs") filed a verified complaint in New York State Supreme Court, Queens County ("state court") against Transport Enterprise Leasing, LLC ("Defendant TEL"), Rocky Towing, LLC ("Defendant Rocky"), and Naseen Amin Davidson ("Defendant Davidson"), alleging claims of negligence in connection with an auto collision. *See,* Complaint ("Compl."), Dkt. Entry No. 1, Ex. A. On January 9, 2023, Defendant TEL removed the action to this Court, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See*, Notice of Removal ("Removal Notice"), Dkt. Entry No. 1, ¶ 3. Defendant Rocky and Defendant Davidson consented to removal. *Id.* ¶ 8; Consents of Removal, Dkt. Entry No. 1., Ex. B. To date, Plaintiff has not filed a motion for remand. For the reasons set forth below, this case is remanded to state court *sua sponte* for failure to establish subject matter jurisdiction.

**DISCUSSION**

As a threshold matter, the Court first must address whether it may remand this case to the state court *sua sponte*, absent a motion from Plaintiff. The relevant statute, 28 U.S.C. § 1447(c),

states in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

*Id.*  The Second Circuit has construed this statute to authorize a district court, at any time, to remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction.  *See*, *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133-34 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).   The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability."  *Lupo v. Hum. Aff. Int'l Inc.*, 28 F.3d 269, 274 (2d Cir. 1994).

Where, as here, a defendant seeks to remove a case based on diversity jurisdiction, the defendant bears the burden of establishing that the requirements of diversity jurisdiction have been met.  *See, Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011).  Pursuant to 28 U.S.C. § 1332(a), the removing party must establish that: (1) there is complete diversity of citizenship of the parties; and (2) the amount in controversy exceeds the $75,000 jurisdictional threshold, exclusive of costs and interest.  *Id*.  The Court finds that Defendant TEL has failed to meet its burden of establishing either jurisdictional requirement, warranting remand.

## I.   Diversity of Citizenship Requirement

Defendant TEL fails to establish diversity of citizenship among the parties because it has not established the citizenship of either Defendant Davidson, an individual, or Defendant Rocky, a limited liability company ("LLC").

### A.   Defendant Davidson

"[A]n individual's citizenship for diversity purposes is determined by his or her domicile, not his or her residence." *Century Metal Recycling, Pvt. Ltd. V. Dacon Logistics, LLC*, 2013 WL

5929816, at *2 (D. Conn. Nov. 4, 2013) (citing *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000)). "Allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mutual Ins. Co*., 126 F.3d 100, 103 (2d Cir.1997); *See also, Adrian Family Partners I, L.P. v. ExxonMobil Corp*., 79 F. App'x 489, 491 (2d Cir. 2003) ("It is well established that [a] statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens.") (internal citations and quotation marks omitted).

Here, Defendant TEL alleges that, "[b]ased on information and belief, Defendant Davidson is an individual residing in Georgia" and is silent as to his citizenship or domicile; nor does he state the basis of his "information and belief." *See,* Removal Notice ¶ 3(A)(2). The Complaint too is silent as to Defendant Davidson's citizenship or domicile. *See,* Compl. ¶ 5 (stating, without more, that Defendant Davidson "is a resident of the State of Georgia"). Thus, the allegations provided are insufficient to establish or determine Defendant Davidson's citizenship.

### B.    Defendant Rocky

As Defendant TEL seems to recognize in the Removal Notice, the citizenship of an LLC, unlike a corporation, "is not tied to the state in which it is formed or has its principal place of business; rather, a[n] [LLC] takes the citizenship of each of its members." *Ocean Units LLC v. Illinois Union Ins. Co*., 528 F. Supp.3d 99, 101 (E.D.N.Y. 2021) (citing *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012)); *See,* Removal Notice ¶ 3(A)(3) (acknowledging that the citizenship of an LLC "'is determined by the citizenship of each of its members'" and citing both *Bayerische Landesbank,* 692 F.3d at 49 and *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016)). "Thus, if a party to a diversity action is an LLC, the party seeking to invoke the [C]ourt's diversity jurisdiction must identify both the LLC's members and their citizenship," which includes alleging "the citizenship of natural persons who are

3

members of [the LLC]…and the place of incorporation and principal place of business of any corporate entities who are members of [the LLC]." *136-61 Roosevelt LLC v. Starbucks Corp*., 2021 WL 2779287 at *1 (EDNY July 2, 2021) (internal citations and quotation marks omitted); *New Millennium Capital Partners, III, LLC v. Juniper Grp. Inc.*, 2010 WL 1257325, at *1 (S.D.N.Y. Mar. 26, 2010). Additionally, "[i]f any of an LLC's members are themselves non-corporate entities, then a [party] must allege the identity and citizenship of their members, proceeding up the chain of ownership until it has alleged the identity and citizenship of every individual and corporation with a direct or indirect interest in the LLC." *136-61 Roosevelt LLC*, 2021 WL 2779287 at *1 (internal citations and quotation marks omitted); *U.S. Liab. Ins. Co. v. M Remodeling Corp.,* 444 F. Supp. 3d 408, 410 (E.D.N.Y. 2020) (same).

Here, Defendant TEL alleges that, "[b]ased on information and belief, Defendant Rocky is a foreign company, organized as [an LLC] formed under the laws of the State of Georgia" and "Rocky has 1 member, and [that] member is not a citizen of New York." Removal Notice ¶ 3(A)(4). Each of these allegations is insufficient to establish Defendant Rocky's citizenship.

First, the allegation that Defendant Rocky is formed under the laws of, or registered in, Georgia is immaterial because, as noted above, "[t]he Court need not look to the state in which [an LLC] is organized…, but rather, each of the states in which it has members" in order to determine its citizenship. *Century Metal*, 2013 WL 5929816, at *2-3. Second, the allegation that Defendant Rocky "has 1 member" is insufficient because it tells the Court nothing about the member's identity or citizenship and, as discussed above, the "*identity and citizenship* of [an LLC's] members" must be alleged for diversity purposes. *See,* Removal Notice ¶ 3(A)(4); *Sixto v. Both Trucking, LLC*, 2022 WL 1124824, at *1 (E.D.N.Y. Apr. 14, 2022) (emphasis added). Third, even if the member was identified, the allegation that this member is "*not* a citizen of New York" would

4

not establish the member's citizenship because "allegations that a party is a citizen of a different state, or that none of the members of a defendant [LLC] are citizens of the same state as the plaintiff," are "entirely conclusory" and "[d]istrict courts in this Circuit regularly hold" that such allegations "are insufficient to invoke diversity jurisdiction." *See,* Removal Notice ¶ 3(A)(4) (emphasis added); *Carter*, 822 F.3d 47 at 60; *Ocean Units LLC,* 528 F. Supp.3d at 102, 103 (collecting cases) ("'The decisions of [the Supreme Court] require, that the averment of jurisdiction shall be positive[.]'") (quoting *Brown v. Keene*, 33 U.S. 112, 114 (1834)).   The allegation in the Complaint that Defendant Rocky is "a foreign [LLC] registered in the State of Georgia" also is insufficient to establish Defendant Rocky's citizenship. *See,* Compl. ¶¶ 3, 4. Thus, it cannot and does not cure the inadequacies of Defendant TEL's allegations in the Removal Notice.

As Defendant TEL has failed to establish Defendant Rocky's citizenship, this Court lacks subject matter jurisdiction over this action, warranting remand. *See, Hines v. Azoth Investment SPC Ltd*., 2022 WL 683996, at *2 (SDNY March 8, 2022) (remanding action where removing party failed to demonstrate complete diversity of citizenship and explaining that Second Circuit law clearly permits a district court to do so).

It bears noting that Defendant TEL is not a stranger to the requirements for establishing diversity jurisdiction in federal court where a party is an LLC.  As mentioned above, Defendant TEL cites Second Circuit case law in the Removal Notice explaining the legal requirements establishing diversity jurisdiction in an action where a party is an LLC. *See,* Removal Notice ¶ 3(A)(3) (quoting and citing both *Bayerische Landesbank,* 692 F.3d at 49 and *Carter*, 822 F.3d at 60)).  Additionally, Defendant TEL, which itself is an LLC, alleges its own citizenship properly, identifying each of its members and alleging their respective citizenships affirmatively. *Id.* ¶

5

3(A)(5) ("TEL has three members, Paul D. Carmichael, III (citizen of Tennessee), John F. Alexander, IV (citizen of Tennessee), and Covenant Transportation Group, Inc. now known as Covenant Logistics Group, Inc. (Nevada corporation with principal place of business in Tennessee, thereby making it a citizen of Tennessee and Nevada).")

It is puzzling that Defendant TEL was able to obtain Defendant Rocky's and Defendant Davidson's consents to remove this action, but apparently did not bother to obtain from either of them the information necessary to establish each of their citizenships. That Defendant TEL removed this action to this Court with apparent blatant disregard as to what the law requires is unacceptable and a waste of this Court's limited time and resources.

Defendant TEL also failed to comply with the recently enacted Fed. R. Civ. P. 7.1(a)(2), which states that "[i]n an action in which jurisdiction is based on diversity[,]" a party "must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party" at the time the action is removed to federal court. *See,* Fed. R. Civ. P. 7.1. Defendant TEL filed a disclosure statement pursuant to Fed. R. Civ. P. 7.1 ("Disclosure Statement"), but it contains allegations of Defendant Davidson's residency and Defendant Rocky's state of formation only. *See,* Disclosure Statement, Dkt. Entry No. 1-1, at 2. For the reasons stated above, such allegations are insufficient to establish the citizenship of these parties. Notably, it is stated on the Disclosure Statement itself that "the citizenship of an [LLC] is the citizenship of each of its members." *Id.* Nonetheless, the Disclosure Statement does not make any mention of Defendant Rocky's members, stating that Defendant Rocky is an LLC "formed under the laws of" Georgia only, without more. *Id.*

## II.   Amount in Controversy Requirement

While the failure to establish diversity of citizenship alone is sufficient to warrant remand,

the Court notes that Defendant TEL also failed to establish that it met the amount in controversy requirement.  A removing party must establish "that it appears to 'a reasonable probability' that the claim is in excess of [$75,000]," exclusive of interest and cost.  *United Food & Comm. Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) (internal citations omitted); 28 U.S.C. § 1332(a).  "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court."  *Lupo*, 28 F.3d at 273-74 (internal citations and quotation marks omitted).

Here, Defendant TEL fails to meet its burden to establish that the amount in controversy exceeds $75,000.  Defendant TEL relies entirely on allegations provided in the Complaint to support its assertion that the amount in controversy requirement is satisfied.  However, Defendant TEL "cannot meet [its] burden by relying on inferences drawn from the Complaint, because the Complaint does not allege a damages amount."  *See, Herrera v. Terner*, 2016 WL 4536871, at *2 (E.D.N.Y. Aug. 30, 2016).  In fact, Defendant TEL acknowledges in the Removal Notice that "Plaintiffs' Complaint does not specify an amount in controversy."  Removal Notice ¶¶ 3(B), 4. Nonetheless, and to Defendant TEL's detriment, the Removal Notice contains nothing more than a regurgitation of conclusory allegations from the Complaint.

Primarily, Defendant TEL relies on the fact that "Plaintiffs separately allege that each has sustained serious injuries as defined by [Section 5102(d)] of the Insurance Law of New York, and an economic loss greater than 'basic economic loss' as defined by [Section 5102(a)] of the Insurance Law."  Removal Notice ¶ 3(B) (citing Compl. ¶¶ 64, 65).  According to Defendant TEL, these allegations support an amount in controversy beyond $75,000 because "Section 5102(a) of

New York Insurance Law defines 'basic economic loss' as loss up to fifty thousand dollars ($50,000.00) per person" and, therefore, these allegations establish that "the Complaint seeks damages that exceed $100,000." *Id.* (internal citations omitted).

To the extent Defendant TEL bases this argument on the premise that Plaintiffs' claims can be aggregated in order to satisfy the amount in controversy requirement, that argument fails. "The Supreme Court has long recognized that 'the separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement.'" *Radcliffe v. Wright*, 2018 WL 3187338, at *3 (S.D.N.Y. June 28, 2018) (quoting *Snyder v. Harris*, 394 U.S. 332, 335 (1969)); *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000) (same). While there is an established "common fund" exception to this non-aggregation rule where two or more plaintiffs "unite to enforce a single title or right in which they have a common and undivided interest," that exception does not apply where, as here, "[t]wo or more plaintiffs injured in the same automobile accident have separate and distinct causes of action[.]" *See, Burrell-Hamilton v. Oden,* 2018 WL 11449490, at *4 (S.D.N.Y. Feb. 12, 2018) (citing *Gilman v. BHC Securities, Inc.*, 104 F.3d 1418, 1422 (2d Cir. 1997)) (internal citations and quotation marks omitted). "[E]ven though they join their causes of action in a single suit, they cannot aggregate their claims to achieve the requisite jurisdictional amount." *Id.*; *Gilman*, 104 F.3d at 1423, 1427 (explaining that "what controls is the nature of the right asserted, not whether successful vindication of the right will lead to a single pool of money that will be allocated among the plaintiffs"). Since Plaintiffs may not aggregate their claims to satisfy the amount in controversy requirement, Defendant TEL's attempt to do just that fails.

Moreover, to the extent Defendant TEL argues that each Plaintiff's individual demand for damages in excess of $50,000 suffices to satisfy the amount in controversy requirement, that

argument also fails.  "[C]ourts do not assume that 'a personal injury claim alleging damages in an unspecified amount over $50,000…exceed[s] the $75,000 statutory jurisdictional threshold[.]'" *Burrell-Hamilton,* 2018 WL 11449490, at *4, n.5 (quoting *Kaur v. Levine*, 2007 WL 210416, at *2 (E.D.N.Y. Jan. 26, 2007)); *See, Islam v. Hertz Vehicles,* 2020 WL 5893965, at *2 (E.D.N.Y. Oct. 5, 2020) (remanding case because, *inter alia*, "general allegations" based on Article 51 of the New York Insurance Law "are not enough" to support federal diversity jurisdiction) (citing *Herrera*, 2016 WL 4536871, at *2); *Johnson-Kamara v. W. Chacon Trucking*, 2006 WL 336041, at *2 (S.D.N.Y. Feb. 9, 2006) (explaining that a demand for "damages somewhere in excess of $50,000…does not get us to $75,000.01").

It further bears noting that neither the Complaint nor the Removal Notice contains sufficient information specifying "the nature and extent of [each] Plaintiff's injuries, the treatment received, or details regarding the other losses [each] purportedly suffered." *Herrera*, 2016 WL 4536871, at *2.  As such, the Court is left to guess at the amount in controversy based on the Complaint's generalized, boilerplate language concerning each Plaintiff's injuries, which Defendant TEL merely repeats in the Removal Notice. *See,* Compl. ¶¶ 64-67; Removal Notice ¶ 4.  "Such boilerplate pleadings do not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction." *Herrera*, 2016 WL 4536871, at *2; *Noguera v. Bedard*, 2011 WL 5117598, at *3 (E.D.N.Y. Oct. 26, 2011) (remanding personal injury action where neither the complaint nor the notice of removal "particularize[d] or amplifie[d] in any way the extent of plaintiff's injuries or damages"); *See, King v. J.B. Hunt Transport, Inc.,* 2020 WL 6545905, at *2 (E.D.N.Y. Nov. 6, 2020) (remanding case in light of boilerplate allegations, nearly identical to those here, that plaintiff "sustained severe and protracted personal injuries, endured pain and suffering, were, and are, incapacitated from their normal pursuits, incurred lost earnings

9

and medical expenses, [and] lost the enjoyment of life"); *Valente v. Garrison From Harrison LLC,* 2016 WL 126375, at *2 (E.D.N.Y. Jan. 11, 2016) (remanding case because "the [c]omplaint's boilerplate allegations that [the p]laintiff 'sustained severe personal injuries, was rendered sick, sore, lame and disabled, required medical attention, suffered pain, will continue to suffer and will require medical attention in the future'" were insufficient to establish amount in controversy). Accordingly, the Court finds that Defendant TEL has failed to establish with reasonable probability that the amount in controversy requirement is met for purposes of establishing diversity jurisdiction, warranting remand.

Significantly, Defendant TEL was not without recourse to determine the amount of damages Plaintiffs seek, as it could have availed itself of New York's procedure that permits a defendant in "an action to recover damages for personal injuries" to "at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled."  N.Y. C.P.L.R. § 3017(c); *See, Jean-Louis v. Amazon.com Servs., LLC*, 2022 WL 3867668, at *3, n. 5 (E.D.N.Y. Aug. 29, 2022) (internal citations omitted).  Under that procedure, a plaintiff is required to provide the supplemental demand within fifteen days of the request and failure to provide the information allows a defendant to move in the state court for an order directing the production of that information.  N.Y. C.P.L.R. § 3017(c).  Additionally, "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought."  *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010).  Thus, instead of prematurely removing the action to this Court, Defendant TEL could, and should, have availed itself of this procedure.  *See, Herrera*, 2016 WL 4536871, at *2.

## **CONCLUSION**

For the reasons set forth above, this case is remanded for lack of subject matter jurisdiction to New York State Supreme Court, Queens County, under Index No. 721437/2022, for further proceedings.


SO ORDERED.

Dated: Brooklyn, New York
            March 2, 2023

_____
/s/
DORA L. IRIZARRY
United States District Judge
